AO 245B (Rev. 10/13/2021)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>BRETT OFSINK | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 19-cr-00290-001 (DRH)<br>USM Number: 91640-053<br>STEPHEN P. SCARING<br>Defendant's Attorney |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 04 2022 ★
LONG ISLAND OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   ONE OF THE INDICTMENT

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 2252(A)(2) AND 2252(b)(1) | RECEIPT OF CHILD PORNOGRAPHY | 5/31/2022 | 1 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   TWO   ☑ is   ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/24/2022
Date of Imposition of Judgment

/s/Denis R. Hurley

DENIS R. HURLEY, SENIOR, USDJ
Name and Title of Judge

3/4/2022
Date

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001 (DRH)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

SIXTY (60) MONTHS ON COUNT 1 OF THE INDICTMENT

☑ The court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFENDANT BE HOUSED AT THE ALLENWOOD FACILITY.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

☑ at   02:00   ☐ a.m.   ☑ p.m.   on   5/2/2022   .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001 (DRH)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

FIVE (5) YEARS ON COUNT 1 OF THE INDICTMENT.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001 (DRH)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk..
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001 (DRH)

## SPECIAL CONDITIONS OF SUPERVISION

THE DEFENDANT SHALL PARTICIPATE IN AN MENTAL HEALTH TREATMENT PROGRAM, WHICH MAY INCLUDE PARTICIPATION IN A TREATMENT AN OUTPATIENT PROGRAM FOR SEXUAL DISORDERS, AS APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF SUCH SERVICES RENDERED AND/OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED TO THE DEGREE HE IS REASONABLY ABLE, AND SHALL COOPERATE IN SECURING ANY APPLICABLE THIRD-PARTY PAYMENT. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE PROBATION DEPARTMENT TO ACCESS HIS ABILITY TO PAY. AS PART OF THE TREATMENT PROGRAM FOR SEXAL DISORDERS, THE DEFENDANT SHALL PARTICIPATE IN POLYGRAPH EXAMINATIONS TO OBTAIN INFORMATION NECESSARY FOR RISK MANAGEMENT AND CORRECTIONAL TREATMENT.

IF THE DEFENDANT COHABITATES WITH AN INDIVIDUAL WHO HAS MINOR CHILDREN, THE DEFENDANT SHALL INFORM THAT OTHER PARTY OF HIS PRIOR CRIMINAL HISTORY CONCERNING HIS SEX OFFENSE. MOREOVER, HE WILL NOTIFY THE PARTY OF HIS PROHIBITION OF ASSOCIATING WITH ANY CHILD(REN) UNDER THE AGE OF 18, UNLESS A RESPONSIBLE ADULT IS PRESENT.

THE DEFENDANT SHALL NOT ASSOCIATE WITH CHILDREN UNDER THE AGE OF 18, UNLESS A RESPONSIBLE ADULT IS PRESENT AND HE HAS PRIOR APPROVAL FROM THE PROBATION DEPARTMENT. PRIOR APPROVAL DOES NOT APPLY TO CONTACTS WHICH ARE NOT KNOWN IN ADVANCE BY THE DEFENDANT WHERE CHILDREN ARE ACCOMPANIED BY A PARENT OR GUARDIAN OR FOR INCIDENTAL CONTACTS IN A PUBLIC SETTING. ANY SUCH NON-PRE-APPROVED CONTACTS WITH CHILDREN MUST BE REPORTED TO THE PROBATION DEPARTMENT AS SOON AS PRACTICABLE, BUT NO LATER THAN 12 HOURS. UPON COMMENCING SUPERVISION, THE DEFENDANT SHALL PROVIDE TO THE PROBATION DEPARTMENT THE IDENTITY AND CONTACT INFORMATION REGARDING ANY FAMILY MEMBERS OR FRIENDS WITH CHILDREN UNDER THE AGE OF 18, WHOM THE DEFENDANT EXPECTS TO HACE ROUTINE CONTACT WITH, SO THAT THE PARENTS OR GUARDIANS OF THESE CHILDREN MAY BE CONTACTED AND THE PROBATION DEPARTMENT CAN APPROVE ROUTINE FAMILY AND SOCIAL INTERACTIONS SUCH AS HOLIDAYS AND OTHER FAMILY GATHERINGS WHERE SUCH CHILDREN ARE PRESENT AND SUPERVISED BY PARENTS OR GUARDIANS WITHOUT INDIVIDUAL APPROVAL OF EACH EVENT.

THE DEFENDANT SHALL COMPLY WITH ANY APPLICABLE STATE AND/OR FEDERAL SEX OFFENDER REGISTRATION REQUIREMENTS, AS INSTRUCTED BY THE PROBATION OFFICER, THE BUREAU OF PRISONS, OR ANY STATE OFFENDER REGISTRATION AGENCY IN THE STATE WHERE HE RESIDES, WORKS OR IS A STUDENT.

THE DEFENDANT IS NOT TO USE A COMPUTER, INTERNET CAPABLE DEVICE , OR SIMILAR ELECTRONIC DEVICE TO ACCESS PRONOGRAPHY OF ANY KIND. THE TERM "PORNOGRAPHY" SHALL INCLUDE IMAGE OR VIDEO OF ADULTS OR MINORS ENGAGED IN "SEXUALLY EXPLICIT CONDUCT" AS THAT TERM IS DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 2256(2). THE DEFENDANT SHALL ALSO NOT USE A COMPUTER, INTERNET CAPABLE DEVICE OR SIMILAR ELECTRONIC DEVICE TO VIEW IMAGES OF NAKED CHILDREN. THE DEFENDANT SHALL NOT USE HIS COMPUTER TO VIEW PORNOGRAPHY OR IMAGES OF NAKED CHILDREN STORED ON RELATED COMPUTER MEDIA, SUCH AS CD'S OR DVD'S AND SHALL NOT COMMUNICATE VIA HIS COMPUTER WITH ANY INDIVIDUAL OR GROUP WHO PROMOTES THE SEXUAL ABUSE OF CHILDREN. THE DEFENDANT SHALL COOPERATE WITH THE UNITED STATES PROBATION OFFICES'S COMPUTER AND INTERNET MANAGEMENT/MONITORING ("CIMP") PROGRAM. COOPERATION SHALL INCLUDE, BUT NOT BE LIMITED TO, IDENTIFYING COMPUTER SYSTEMS (AS DEFINED IN 18 U.S.C. SECTION 1030(e)(1), INTERNET-CAPABLE DEVICES, AND/OR ANY ELECTRONIC MEDIA CAPABLE OF DATA STORAGE THE DEFENDANT HAS ACCESS TO, ALLOWING AN INITIAL EXAMINATION OF THE DEVICE(S), AND INSTALLATION OF MONITORING SOFTWARE/HARDWARE ON THE DEVICE(S), AT THEDEFENDANT'S EXSPENSE. THE MONITORING SLFTWARE/HARDWARE IS AUTHORIZED TO CAPTURE AND ANALYZE ALL DATA PROCESSED BY AND/OR CONTAINED ON THE DEVICE , INCLUDING THE GEOLOCATION OF THE DEVICE. THE DEFENDANT MUST PROVIDE THE PROBATION OFFICE ADVANCE NOTIFICATION OF PLANNED USE OR PURCHASE OF ANY DEVICE (S). THE DEFENDANT SHALL NOT USE ANY DEVICE(S) WITHOUT APPROVAL UNTIL COMPATIBILITY WITH CURRENT MONITORING SOFTWARE/HARDWARE IS DETERMINED AND INSTALLATION OF MONITORING SOFTWARE/HARDWARE IS COMPLETED. THE PROBATION OFFICE MAY ACCESS THE DEVICE AND/OR DATA CAPTURED BY THE MONITORING SOFTWARE /HARDWARE AT ANY TIME WITH OR WITHOUT SUSPICION THAT THE DEFENDANT HAS VIOLATED THE CONDITIONS OF SUPERVISION *CONTINUED ON PAGE 6

Case 2:19-cr-00290-DRH-ARL   Document 81   Filed 03/04/22   Page 6 of 8 PageID #: 1679
AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3D — Probation

Judgment—Page 6 of 8

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001 (DRH)

## SPECIAL CONDITIONS OF SUPERVISION

* THE DEFENDANT MAY BE LIMITED TO POSSESSING ONLY ONE PERSONAL INTERNET-CAPABLE DEVICE, TO FACILITATE THE PROBATIONS OFFICE'S ABILITY TO EFFECTIVELY MANAGE AND MONITOR THE DEVICE. THE DEFENDANT SHALL ALSO PERMIT SEIZURE AND REMOVAL OF COMPUTER SYSTEMS, INTERNET-CAPABLE DEVICES, AND ANY ELECTRONIC MEDIA CAPABLE OF DATA STORAGE FOR FURTHER ANALYSIS BY LAW ENFORCEMENT OR THE PROBATION OFFICE BASED UPON REASONABLE SUSPICION THAT VIOLATION OF A CONDITION OF SUPERVISON OR UNLAWFUR CONDUCT BY THE DEFENDANT HAS OR IS ABOUT TO OCCUR. FAILURE TO COMPLY WITH THE MONITORING, SEIZURE AND/OR SEARCH OF ANY COMPUTER SYSTEMS, INTERNET-CAPABLE DEVICES, AND ANY ELECTRONIC MEDIA CAPABLE OF DATA STORAGE MAY RESULT IN ADVERSE ACTION SUCH AS SANCTIONS AND/OR REVOCATION. THE DEFENDANT SHALL INFORM ALL PARTIES THAT ACCESS A MONITORED DEVICE, THAT THE DEVICE IS SUBJECT TO SEARCH AND MONITORING.

THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICE ANY AND ALL ELECTRONIC COMMUNICATIONS SERVICE ACCOUNTS (AS DEFINED IN 18 U.S.C.SECTION 2510(15) USED FOR USER COMMUNICATIONS, DISSEMINATION AND/OR STORAGE OF DIGITAL MEDIA FILES (I.E. AUDIO, VIDEO, IMAGES). THIS INCLUDES, BUT IS NOT LIMITED TO , EMAIL ACCOUNTS, SOCIAL MEDIA ACCOUNTS, AND CLOUD STORAGE ACCOUNTS. THE DEFENDANT SHALL PROVIDE EACH ACCOUNT IDENTIFIER AND PASSWORDS, TRANSFER, SUSPENSION AND/OR DELETION OF ANY ACCOUNT WITHIN 5 DAYS OF SUCH ACTION. FAILURE TO PROVIDE ACCURATE ACCOUNT INFORMATION MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL PERMIT THE PROBATION DEPARTMENT TO ACCESS AND SEARCH ANY ACCOUNT(S) USING THE DEFENDANT'S CREDENTIALS PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE ACCOUNT(S) TO BE SEARCHED CONTAINS EVIDENCE OF THIS VIOLATION. FAILURE TO SUBMIT TO SUCH A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE.

THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICHLE, PAPERS COMPUTERS (AS DEFINED IN 18 U.S.C. SECTION 1030(e)(1)), OTHER ELECTRONIC COMMUNICATIONS OR DATA STORAGE DEVICES OR MEDIA, OR OFFICES TO A SEARCH CONDUCTED BY A UNITED STATES PROBATION OFFICER. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL WARN ANY OTHER PCCUPANTS THA ATHE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION. AN OFFICER MAY CONDUCT A SEARCH PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE AREAS TO BE SEARCHED CONTAIN EVIDENCE OF THIS VIOLATION. ANY SEARCH MUST BE CONDUCTED AT A REASONABLE TIME AND IN A REASONABLE MANNER.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001  (DRH)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment  | Restitution   | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|-------------|---------------|------|------------------|-------------------|
| TOTALS | $ 5,100.00  | $ 16,000.00   | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|----------------------|-------------------------|----------------------------|
|                   |                      |                         |                            |
| TOTALS            | $ 0.00               | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRETT OFSINK
CASE NUMBER: 19-cr-00290-001 (DRH)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
THE $5100 SPECIAL ASSESSMENT SHALL BE PAID ON OR BEFORE 9/30/2022.
THE FINE IS WAIVED.
THE $16,000 RESTITUTION HAS BEEN PAID IN FULL. SEE ORDER OF RESTITUTION ATTACHED.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
(including defendant number)     Total Amount     Joint and Several Amount     Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.